DEBORAH CONNOR
Chief, Money Laundering and
Asset Recovery Section (MLARS)
MARY BUTLER
Deputy Chief, MLARS
DANIEL H. CLAMAN
Principal Assistant Deputy Chief, MLARS
BARBARA LEVY, Trial Attorney
ALISON YEWDELL, Trial Attorney
    Criminal Division
    United States Department of Justice
    1400 New York Avenue NW, 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 514-1263
    Email: barbara.levy@usdoj.gov

NICOLA T. HANNA
United States Attorney
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-6166
    Email: jonathan.galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) 8:15-cv-01110-JVS-DFM |
| vs. | ) |
| THE PROCEEDS FROM THE SALE OF A CONDOMINIUM LOCATED AT THE RITZ-CARLTON IN LOS ANGELES, CALIFORNIA, et al. | ) **DECLARATION IN SUPPORT OF UNITED STATES' MOTION TO APPROVE REMOTE DEPOSITION PROCEDURES** |
|     Defendants. | ) |

1

I, Alison A. Yewdell, declare as follows:

1. I am a Trial Attorney in the Money Laundering and Asset Recovery Section of the U.S. Department of Justice's Criminal Division. The matters set forth herein are based on information available from the official government files of this case, as well as my own personal knowledge of this case.

2. I have executed this declaration in support of the United States' Motion to Approve Remote Deposition Procedures.

**A. The United States' Coordination with the Philippines**

3. On or about November 26, 2019, the United States transmitted a request pursuant to the Mutual Legal Assistance Treaty in Criminal Matters between the United States and the Republic of the Philippines (the "Treaty"), to depose Jeane Catherine Napoles, Jo Christine Napoles, James Christopher Napoles, and Ana Marie Lim in the Philippines (the "First Deposition MLAT Request").

4. On or about June 8, 2020, the United States transmitted an additional request pursuant to the Treaty to depose Marina Sula, Benhur Luy, and Merlina Suñas in connection with this action (the "Second Deposition MLAT Request"). Sula, Luy, and Suñas (hereinafter, the "WPP Witnesses) are non-party witnesses who are currently in the Philippines' Witness Protection Program due to their

involvement as whistleblowers against Janet Napoles and numerous Philippine elected officials in Philippine criminal proceedings.

5. Before and after the United States formally submitted the First and Second Deposition MLAT Requests, counsel for the United States have been engaged in extensive discussions with representatives from various components of the Philippines government to facilitate Philippines-based depositions in this matter.

6. Upon granting the United States' First and Second Deposition MLAT Requests on August 11, 2020, the Philippines authorities advised Government counsel that they had coordinated with the WPP Witnesses' attorneys regarding the proposed format and dates for the WPP Witnesses' depositions, the Philippines authorities would take the appropriate measures to escort the WPP Witnesses to the depositions, and that representatives from the Philippines Department of Justice and Office of the Ombudsman would make arrangements to attend the proceedings. The Philippines government also approved the United States' request to remotely depose the WPP Witnesses and to permit a U.S. court reporter to administer the oaths from his or her location in the United States.

**B. The United States Has Attempted to Conduct the WPP Witnesses' Depositions and Resolve this Discovery Dispute**

7. On August 12, 2020, I emailed counsel for all parties with proposed dates and times for remote depositions of the WPP Witnesses. I also requested that the parties notify the Government if: (i) they were unavailable for any of the proposed dates; and/or (ii) they intended to appear at the depositions in person. See Exhibit 1, Email Exchange at 1, attached hereto. I also informed the parties that the Government intended to use the Lexitas platform to conduct the remote depositions. See id.

8. The attorneys for claimants California Mortgage Service and claimants Charles Quick and Daphne Abdullah confirmed that they intended to participate in the depositions on August 12 and August 17, 2020, respectively. Counsel for claimants Jeane Napoles, Jo Christine Napoles, Ana Marie Lim, ImFashioNinja, Western Investment Corporation, and Western Ventures Management (hereinafter, the "Napoles Claimants"), did not respond to my email dated August 12, 2020.

9. On August 18, 2020, the United States issued notices of deposition via email for the WPP Witnesses for September 15, 22, and 29, 2020 in Manila, the Philippines (the "September Depositions"). See Exhibit 2, Notices of Depositions of Marina Sula, Benhur Luy, and Merlina Suñas, attached hereto.

4

10. On September 4, 2020, I emailed the parties requesting that they stipulate to allow a U.S. court reporter remotely administer oaths in connection with any videoconference depositions in this matter, including for the September Depositions. Later that day, the Napoles Claimants' counsel responded to the email, asking whether they could receive copies of the exhibits in advance of the September Depositions. I acknowledged receipt of the Napoles Claimants' request that same day and requested that they respond to the proposed stipulation. See Ex. 1 at 3-4. Claimant California Mortgage Service also issued cross-notices of video depositions of the WPP Witnesses on this day.

11. On September 8, 2020, the Napoles Claimants issued cross-notices of video deposition of the WPP Witnesses. Exhibit 3, Napoles' Claimants' Cross-Notices of Depositions, attached hereto.

12. On September 9, 2020, I agreed that the Government would provide the exhibits by noon of the first day of each deposition, which were scheduled to begin at 5:00 p.m. PST, and reminded them again to respond to the requested stipulation. See Ex. 1 at 6. Later that day, Claimants' counsel responded, stating only that they would not consent to the stipulation. See id. at 7. I immediately inquired as to the nature of Claimants' objection, explained that it is nearly impossible to send a court reporter to Manila, noted that the Resident Legal

Advisor[1] from the U.S. Embassy would be attending the depositions in person, and proposed a telephone call to discuss counsel's concerns further. See id. at 8. Claimants' counsel replied by e-mail and asserted that remotely administering the oath could jeopardize the ability to prosecute the witness for perjury in the United States. See id. I replied and cited to provisions of the Federal Rules of Civil Procedure that appear intended to address such concerns, asked counsel if he was aware of specific legal authority on the matter, and asked again for a telephone call, which took place the following day.  See id. at 9.

13.     During the call on September 10, 2020, Claimants' counsel informed the Government–for the first time–that the Napoles Claimants wanted to postpone the WPP Witnesses' depositions so that their U.S.-based counsel could attend in person.  The Napoles Claimants' counsel also acknowledged that, although they had issued cross-notices of depositions, they had not planned for any alternate individuals to administer the oaths. See id. at 10-11 (email from Trial Attorney Barbara Levy to Napoles Claimants' Counsel).

14.     After this call, Trial Attorney Barbara Levy sent an email to the Napoles Claimants' counsel summarizing the Government's understanding of their position and suggested that the Napoles Claimants propose another means of

---

[1] I have since determined that this individual's title is "U.S. Department of Justice Attaché," rather than "Resident Legal Advisor."

swearing in the witnesses, such as a Consular Officer from the U.S. Embassy in Manila. Instead, the Napoles Claimants' counsel informed the Government that their clients "desire [them] to be personally present" at the WPP Witnesses' depositions and they do not believe they are required to stipulate. See id. at 10-11.

15. Counsel for all other claimants in this action have agreed to the United States' proposed stipulation.

16. According to a representative from the Consular Section of the U.S. Embassy in Manila, the cost for a Consular Officer to administer oaths and attend the depositions is $309 per hour, plus travel costs.

17. As we expect each WPP Witness' deposition to take at least 8 hours, requiring a Consular Officer to attend these 3 depositions would cause the United States to incur at least $7,416 in additional costs.

18. Copies of the orders establishing and amending the case schedule (ECF Nos. 68, 92, 99, 130, 141, 175, and 181) are attached to this declaration as Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed September 29, 2020, in Washington, D.C.

                                      */s/ Alison A. Yewdell*
                                      ALISON A. YEWDELL