UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCEEDS FROM THE SALE OF A CONDOMINIUM LOCATED AT THE RITZ-CARLTON IN LOS ANGELES, CALIFORNIA, *et al.*,<br><br>Claimants. | No. 8:15-cv-01110-JVS-DFM<br><br>**PROTECTIVE ORDER GOVERNING MATERIALS PRODUCED BY THE UNITED STATES IN DISCOVERY** |

On June 4, 2021, the Parties in this matter filed a Joint Stipulation requesting that the Court enter a protective order governing materials produced by the United States during discovery, in accordance with Federal Rules of Civil Procedure 26(c) and 29(b) (hereinafter, the "Joint Stipulation"). (ECF No. 206). The Court hereby **APPROVES** the Joint Stipulation and **ORDERS** that the following terms shall govern the disclosure of documents produced by the United States in this case:

1. All of the materials produced by the United States in response to Requests for Production of Documents propounded by the Claimants pursuant

1

to Federal Rule of Civil Procedure 34 in the above-captioned matter (hereinafter, the "Materials") are subject to the terms of this protective order and may be used by the Claimants and Claimants' counsel (defined as counsel of record in this case) solely in connection with the litigation of the above-captioned matter, and in connection with no other proceeding, without further order of this Court.

**2.** Claimants and Claimants' counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons consulted, appointed or employed to assist in any phase of the litigation[1] of the above-captioned matter, persons who are interviewed or deposed as potential witnesses, counsel for potential witnesses, and other persons to whom the government may consent to or the Court may authorize disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare for testimony but may not retain copies without prior permission of the Court.

**3.** Certain Materials to be disclosed by the government contain sensitive information, including third parties' bank account information. These Materials shall be plainly marked as "Confidential" by the government prior to disclosure and will be produced without redaction. Absent prior consent of the government or permission the Court, Materials marked as Confidential shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if a Claimant chooses to include in a public document sensitive information relating solely and directly to that

---

[1] As used herein, the term "litigation" shall mean preparation for and participation in any phase of the above-captioned matter, such as depositions, motions, trial, appeal, hearing, review or other proceeding in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

Claimant).

4. Claimants, Claimants' counsel, and Authorized Persons shall not copy or reproduce the Materials except to provide copies of the Materials for use in connection with litigation of the above-captioned case by Claimants, Claimants' counsel, and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original Materials.

5. Claimants, Claimants' counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make that quote, summarize or reference the contents of the Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original Materials.

6. Before providing Materials to an Authorized Person, Claimants' counsel must provide the authorized person with a copy of this protective order.

7. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in Claimants' counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by Claimants' counsel, the restrictions of this protective order continue in effect for as long as the Materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. If information contained in the Materials is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or

disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

9. The restrictions set forth in this protective order do not apply to documents that are already or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this protective order limit Claimants' counsel in the use of the Materials during litigation in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3 above shall be filed under seal, absent prior permission from this Court, unless the parties agree on appropriate redaction of sensitive information.

10. Nothing contained in this protective order shall preclude a producing party from objecting to the production of information, and this protective order has no bearing on the merits of any such objection.

**SO ORDERED.**

Dated: June 4, 2021

HON DOUGLAS F. McCORMICK
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
United States Department of Justice
MARY BUTLER
Chief, MLARS-International Unit (IU)
BARBARA Y. LEVY, Trial Attorney
ALISON A. YEWDELL, Trial Attorney
Criminal Division
U.S. Department of Justice

TRACY L. WILKISON
Acting United States Attorney
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Barbara Levy
BARBARA Y. LEVY
ALISON A. YEWDELL
Trial Attorneys, MLARS
JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA