UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE PROCEEDS FROM THE SALE OF A CONDOMINIUM LOCATED AT THE RITZ-CARLTON IN LOS ANGELES, CALIFORNIA, *et al.*,<br><br>    Defendants. | 8:15-cv-01110-JVS-DFM<br><br>**CONSENT JUDGMENT OF FORFEITURE AS TO REAL PROPERTY LOCATED AT 620 W. ORANGEWOOD AVENUE IN ANAHEIM, CALIFORNIA** |

## I. INTRODUCTION

1. Plaintiff United States of America ("United States" or "the government") and Claimants Charles Quick and Daphne Abdullah ("Claimants" and together with the United States, the "Parties"), have made a stipulated request for the entry of this Consent Judgment (the "Stipulation") pertaining to the real property located at 620 W. Orangewood Avenue in Anaheim, California ("Anaheim Motel"). The

Parties also seek entry of a Consent Judgment pertaining to the other defendant assets (the "Other Defendant Assets") listed in the Stipulation.[1]

2. This action was commenced in July 2015 against the Anaheim Motel and the Other Defendant Assets. (Dkt. No. 1.)

3. Jo Christine Napoles and Western Investment Corporation ("WIC") filed timely claims for the Anaheim Motel. In February 2016, the Court dismissed the claim of Jo Christine Napoles for the Anaheim Motel. (Dkt. No. 58-1 at 4-5.) In September 2021, the Court dismissed WIC from this action for failing to comply with its discovery obligations. (Dkt. No. 227.) No other claims were filed to the Anaheim Motel and the time for filing claims has expired. In February 2022, the Court granted the government's application for a clerk's entry of default against the interests of WIC and all other potential claimants to the Anaheim Motel. (Dkt. No. 247.)

**II.   FINDINGS**

The Court, having considered the Stipulation of the Parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

---

[1] In order to satisfy State property recording requirements, the Government requires a separate Consent Judgment for each piece of real property ordered forfeited.

## Jurisdiction

4. For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and this action. The government has given and published notice of the Action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.

5. Entry of this Consent Judgment will resolve all claims of Claimants and potential claimants with respect to the Anaheim Motel. If assumed to be true, the allegations set out in the operative complaints are sufficient to establish a basis for forfeiture of the Anaheim Motel. However, nothing contained in this Consent Judgment or the underlying Stipulation is intended or should be interpreted to constitute an admission of fault, guilt, liability, and/or any form of wrongdoing by Claimants. All potential claimants to the Anaheim Motel, other than Claimants, are deemed to have admitted the allegations of the Complaint for purposes of this Action only.

## Terms

6. Upon entry of this Consent Judgment and the Consent Judgment for the Other Defendant Assets, and the resolution of any appeals, the government shall release the total sum of USD $20,000.00, without interest (the "Released Funds"), as described below.

7.  The Released Funds shall be paid to one or more account(s) as directed by The Law Offices of Thomas P. Sleisenger, who shall provide all information required to facilitate the payment, including personal identification information required by federal law or regulation, and complete all required documents.

8.  In consideration of the Government's release of the Released Funds, Claimants shall forfeit to the United States any right, title or interest in the Anaheim Motel and the Other Defendant Assets, and no other right, title, or interest shall exist therein.  The government shall dispose of the forfeited assets according to law.

9.  Claimants shall not contest or assist any other individual or entity in contesting the forfeiture – administrative, civil judicial or criminal judicial – of the Anaheim Motel or the Other Defendant Assets against which forfeiture is sought in this Action.  Moreover, upon request of the government, Claimants shall cooperate with the government in endorsing the effectiveness of this agreement when responding to any claims asserted against the forfeiture of the Anaheim Motel or the Other Defendant Assets, including the disposition thereof.

10.  Should any dispute arise about the interpretation of or compliance with the terms of the Stipulation or this Consent Judgment, the Parties agree they will attempt in good faith to resolve any such disputes. However, should the parties be unable to resolve this dispute, the Parties may move the Court to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

11. Except as otherwise provided in this Consent Judgment, each of the Parties shall bear its own fees and costs in connection with the seizure, retention and forfeiture of the Anaheim Motel and the Other Defendant Assets.

IT IS SO ORDERED.

DATED: March 28, 2022

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by

TRACY L. WILKISON
United States Attorney
JONATHAN GALATZAN
Chief, Asset Forfeiture Section

DEBORAH L. CONNOR
Chief, Money Laundering and Asset Recovery Section (MLARS)

 /s/ Barbara Y. Levy
BARBARA Y. LEVY
ALISON A. YEWDELL
Trial Attorneys, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5