1

2

3

4

JS-6

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,

12 |    Plaintiff,

13

14 |  vs.

15 | THE PROCEEDS FROM THE SALE

16 | OF A CONDOMINIUM LOCATED
AT THE RITZ-CARLTON IN LOS

17 | ANGELES, CALIFORNIA, *et al*.,

18

19 |    Defendants.

20

21

22

23

24

25

26

27

28

) 8:15-cv-01110-JVS-DFM
)
) **CONSENT JUDGMENT OF**
) **FORFEITURE AS TO THE**
) **PROCEEDS FROM THE SALE OF**
) **A CONDOMINIUM LOCATED AT**
) **THE RITZ-CARLTON IN LOS**
) **ANGELES, CALIFORNIA;**
) **PROCEEDS FROM THE SALE OF**
) **REAL PROPERTY LOCATED AT**
) **19545 E. CIENEGA AVENUE IN**
) **COVINA; CALIFORNIA,**
**PROCEEDS FROM THE SALE OF**
**REAL PROPERTY LOCATED IN**
**IRVINE, CALIFORNIA; THE**
**ASSETS OF THE ANAHEIM**
**EXPRESS INN; PROCEEDS FROM**
**THE SALE OF ONE 2007**
**PORSCHE BOXSTER; AND 4,275**
**SHARES IN SOLUTION**
**STRATEGIES INTERNATIONAL,**
**INC.**

i

## I.      INTRDUCTION

1.  Plaintiff United States of America ("United States" or "the government") and Claimants Charles Quick and Daphne Abdullah ("Claimants" and together with the United States, the "Parties"), have made a stipulated request for the entry of this Consent Judgment (the "Stipulation") pertaining to the following defendant assets ("Defendant Assets"):

- The proceeds from the sale of a condominium located at the Ritz-Carlton in Los Angeles, California ("Ritz-Carlton Proceeds");

- Proceeds from the sale of real property in Irvine, California  ("Irvine Property");

- Proceeds from the sale of real property located at 19545 E. Cienega Ave. Covina, California ("Covina Property");

- The assets of the Anaheim Express Inn ("Anaheim Motel Assets");

- Proceeds from the sale of one 2007 Porsche Boxster ("Porsche Boxster"); and

- 4,275 Shares in Solution Strategies International, Inc., a California corporation, held in the name of Janet Lim Napoles ("SSI Shares").

The Parties also seek entry of a Consent Judgment pertaining to the defendant real property located at 620 W. Orangewood in Anaheim, California ("Anaheim Motel") as listed in the Stipulation.[1]

2.   This action was commenced in July 2015 against the Defendant Assets and the Anaheim Motel.  (Dkt. No. 1.)

3. Claimants, Jo Christine Napoles, James Christopher Napoles, Western Ventures Management ("WVM"), and California Mortgage Service ("CMS") all filed timely claims for the Covina Property.  (Dkt. Nos. 12, 23-24, 28, 30-31.)  In February 2016, the Court dismissed the claims of Jo Christine Napoles and James Christopher Napoles for the Covina Property for lack of standing.  (Dkt. No. 58-1 at 4-5.)  In September 2021, the Court dismissed WVM from this action for failing to comply with its discovery obligations.  (Dkt. No. 227.)  In March 2022, the Court struck the claim and answer of CMS from this action for lack of standing.  (Dkt. No. 250.)  No other claims were filed to the Covina Property and the time for filing claims has expired.

4. No claim was filed for the SSI Shares.  In January 2018, the Court granted the government's motion for default judgment as to the SSI Shares.  (Dkt. No. 106.)

---

[1]  In order to satisfy State property recording requirements, the Government requires a separate Consent Judgment for each piece of real property ordered forfeited.

5. Ana Marie D. Lim, Jo Christine Napoles, Jeane Catherine Napoles, Western Investment Corporation, and ImFashioNinja LLC (collectively, the "Napoles Claimants") filed timely claims for the Ritz-Carlton Proceeds, the Anaheim Motel, the Irvine Property, the Anaheim Motel Assets, and the Porsche Boxster (collectively, and together with the SSI Shares, the "Defaulted Assets").

6. In February 2016, the Court dismissed the claims of Jo Christine Napoles to the Anaheim Motel and Anaheim Motel Assets, and the claim of Jeane Catherine Napoles to certain of the Ritz-Carlton Proceeds.  (Dkt. No. 58-1 at 4-5.)   In September 2021, the Court dismissed all the remaining claims of the Napoles Claimants from this action for failing to comply with their discovery obligations. (Dkt. No. 227.)  No other claims to the Defaulted Assets were filed, and the time for filing claims has expired.  In February 2022, the Court granted the government's application for a clerk's entry of default against the interests of the Napoles Claimants and all other potential claimants to the Defaulted Assets.  (Dkt. No. 247.)

II.    FINDINGS

The Court, having considered the Stipulation of the Parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

**Jurisdiction**

7.  For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and this action.  The government has given and published notice of the Action as required by law, including Supplemental Rule G for Admiralty or Maritime

Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.

8. Entry of this Consent Judgment will resolve all claims of Claimants and potential claimants with respect to the Defendant Assets.  If assumed to be true, the allegations set out in the operative complaints are sufficient to establish a basis for forfeiture of the Defendant Assets.  However, nothing contained in this Consent Judgment or the underlying Stipulation is intended or should be interpreted to constitute an admission of fault, guilt, liability, and/or any form of wrongdoing by Claimants.  All potential claimants to the Defendant Assets, other than Claimants, are deemed to have admitted the allegations of the Complaint for purposes of this Action only.

**Terms**

9.  Upon entry of this Consent Judgment and the Consent Judgment for the Anaheim Motel, and the resolution of any appeals, the government shall release the total sum of USD $20,000.00, without interest (the "Released Funds"), as described below.

10.  The Released Funds shall be paid to one or more account(s) as directed by The Law Offices of Thomas P. Sleisenger, who shall provide all information required to facilitate the payment, including personal identification information required by federal law or regulation, and complete all required documents.

11.   In consideration of the Government's release of the Released Funds, Claimants shall forfeit to the United States any right, title or interest in the Defendant Assets and the Anaheim Motel, and no other right, title, or interest shall exist therein.  The government shall dispose of the forfeited assets according to law.

12.   Claimants shall not contest or assist any other individual or entity in contesting the forfeiture – administrative, civil judicial or criminal judicial – of the Defendant Assets or the Anaheim Motel against which forfeiture is sought in this Action.  Moreover, upon request of the government, Claimants shall cooperate with the government in endorsing the effectiveness of this agreement when responding to any claims asserted against the forfeiture of the Defendant Assets or the Anaheim Motel, including the disposition thereof.

13.   Should any dispute arise about the interpretation of or compliance with the terms of the Stipulation or this Consent Judgment, the Parties agree they will attempt in good faith to resolve any such disputes. However, should the parties be unable to resolve this dispute, the Parties may move the Court to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

14.   Except as otherwise provided in this Consent Judgment, each of the

Parties shall bear its own fees and costs in connection with the seizure, retention

and forfeiture of the Defendant Assets and the Anaheim Motel.


IT IS SO ORDERED.

DATED: March 28, 2022

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE


Presented by

TRACY L. WILKISON
United States Attorney
JONATHAN GALATZAN
Chief, Asset Forfeiture Section

DEBORAH L. CONNOR
Chief, Money Laundering and Asset Recovery Section (MLARS)

 /s/ Barbara Y. Levy
BARBARA Y. LEVY
ALISON A. YEWDELL
Trial Attorneys, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6