1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE PROCEEDS FROM THE SALE OF A CONDOMINIUM LOCATED AT THE RITZ-CARLTON IN LOS ANGELES, CALIFORNIA, *et al.*,<br><br>    Defendants. | 8:15-cv-01110-JVS-DFM<br><br>**AMENDED CONSENT JUDGMENT OF FORFEITURE AS TO THE PROCEEDS FROM THE SALE OF A CONDOMINIUM LOCATED AT THE RITZ-CARLTON IN LOS ANGELES, CALIFORNIA; PROCEEDS FROM THE SALE OF REAL PROPERTY LOCATED AT 19545 E. CIENEGA AVENUE IN COVINA; CALIFORNIA, PROCEEDS FROM THE SALE OF REAL PROPERTY LOCATED IN IRVINE, CALIFORNIA; THE ASSETS OF THE ANAHEIM EXPRESS INN; PROCEEDS FROM THE SALE OF ONE 2007 PORSCHE BOXSTER; AND 4,275 SHARES IN SOLUTION STRATEGIES INTERNATIONAL, INC.** |

i

Plaintiff United States of America ("United States" or "the government"), Claimants Charles Quick and Daphne Abdullah (together, "Quick and Abdullah"), and dismissed Claimant California Mortgage Service, who has agreed to be bound by this Judgment ("CMS", and together with the government, Quick, and Abdullah, the "Parties"), have made a stipulated request for the entry of this Amended Consent Judgment (the "Amended Stipulation") pertaining to the Proceeds From The Sale Of A Condominium Located At The Ritz-Carlton In Los Angeles, California; Proceeds From The Sale Of Real Property Located At 19545 E. Cienega Avenue In Covina, California; Proceeds From The Sale Of Real Property Located In Irvine, California; The Assets Of The Anaheim Express Inn; Proceeds From The Sale Of One 2007 Porsche Boxster; and 4,275 Shares In Solution Strategies International, Inc (collectively, the "Defendant Assets").  The Parties also seek entry of an Amended Consent Judgment pertaining to the real property located at 620 W. Orangewood Avenue in Anaheim, California ("Anaheim Motel"). [1]  Upon consideration of the Parties' Amended Stipulation, the Court finds that nothing precludes this Court from entering this Amended Consent Judgment, and there is good cause for entering the Amended Consent Judgment.

---

[1] In order to satisfy State property recording requirements, the Government requires a separate Consent Judgment for each piece of real property ordered forfeited.

1

WHEREFORE, the Court HEREBY ORDERS, ADJUDGES AND DECREES that the Consent Judgment of Forfeiture as to the Defendant Assets (Dkt. No. 253), incorporated herein by reference, is hereby amended as follows:

### Jurisdiction

1. For purposes of this Amended Consent Judgment, this Court has jurisdiction over the Parties and this action.  The government has given and published notice of the Action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.

### Terms

2.  Upon entry of this Amended Consent Judgment and the Amended Consent Judgment for the Anaheim Motel, and the resolution of any appeals, the government shall release the total sum of USD $20,000.00 to Quick and Abdullah, without interest (the "Quick and Abdullah Released Funds"), and the total sum of USD $6,000.00 to CMS, without interest (the "CMS Released Funds"), as described below.

3. The Quick and Abdullah Released Funds shall be drawn from a portion of the sale proceeds of the Covina Property currently held by the government in an interest-bearing account as a substitute *res* for the Covina Property.

4. The Quick and Abdullah Released Funds shall be paid to one or more account(s) as directed by The Law Offices of Thomas P. Sleisenger, who shall

provide all information required to facilitate the payment, including personal identification information required by federal law or regulation, and complete all required documents.

5.   In consideration of the Government's release of the Quick and Abdullah Released Funds, Quick and Abdullah shall forfeit to the United States any right, title or interest in the Defendant Assets and the Anaheim Motel, and no other right, title, or interest shall exist therein.  Quick and Abdullah shall not appeal any final Consent Judgment in this action.

6. The CMS Released Funds shall be drawn from a portion of the sale proceeds of the Covina Property currently held by the government in an interest-bearing account as a substitute *res* for the Covina Property.

7. The CMS Released Funds shall be paid to one or more account(s) as directed by Cannata, O'Toole, Fickes & Olson LLP, who shall provide all information required to facilitate the payment, including personal identification information required by federal law or regulation, and complete all required documents.

8. In consideration of the Government's release of the CMS Released Funds, CMS shall forfeit to the United States any right, title or interest in the Defendant Assets and the Anaheim Motel, and no other right, title, or interest shall exist therein.  CMS shall not appeal any final Consent Judgment in this action.

9.   The government shall dispose of the Defendant Assets and the Anaheim Motel in accordance with law.

10.   Quick, Abdullah, and CMS shall not contest or assist any other individual or entity in contesting the forfeiture – administrative, civil judicial or criminal judicial – of the Defendant Assets and the Anaheim Motel against which forfeiture is sought in this Action.  Moreover, upon request of the government, Quick, Abdullah, and CMS shall cooperate with the government in endorsing the effectiveness of this agreement when responding to any claims asserted against the forfeiture of the Defendant Assets and the Anaheim Motel, including the disposition thereof.

11.   The terms of this [Proposed] Amended Consent Judgment shall control in the event of any alleged conflict with any prior Stipulation or Order filed or entered in this action, including, without limitation, the Stipulation to Enter Consent Judgment of Forfeiture (Dkt. No. 251); the Consent Judgment of Forfeiture as to Real Property Located at 620 W. Orangewood Avenue in Anaheim, California (Dkt. No. 252); and the Consent Judgment of Forfeiture as to The Proceeds From The Sale Of A Condominium Located At The Ritz-Carlton In Los Angeles, California; Proceeds From The Sale Of Real Property Located At 19545 E. Cienega Avenue In Covina, California; Proceeds From The Sale Of Real Property Located In Irvine, California; The Assets Of The Anaheim Express Inn; Proceeds From The Sale Of One 2007 Porsche Boxster; and 4,275 Shares In

4

Solution Strategies International, Inc. (Dkt. No. 253, and together with Dkt. No. 252, the "Consent Judgments").

12. All other terms of the Consent Judgments (Dkt. Nos. 252-253) remain unchanged.

13. The Court shall retain jurisdiction to enforce the terms of this order.


IT IS SO ORDERED.

DATED: April 29, 2022          _____
                                HON. JAMES V. SELNA
                                UNITED STATES DISTRICT JUDGE



Presented by

TRACY L. WILKISON
United States Attorney
JONATHAN GALATZAN
Chief, Asset Forfeiture Section

DEBORAH L. CONNOR
Chief, Money Laundering and Asset Recovery Section (MLARS)

 /s/ Barbara Y. Levy
BARBARA Y. LEVY
ALISON A. YEWDELL
Trial Attorneys, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA